No. 24-10707

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.; TEXAS GUN RIGHTS,
INC.; PATRICK CAREY; JAMES WHEELER; & TRAVIS SPEEGLE,
*Plaintiffs-Appellees*,

v.

JAMES R. MCHENRY III, ACTING U.S. ATTORNEY GENERAL; UNITED
STATES DEPARTMENT OF JUSTICE; MARVIN G. RICHARDSON, IN HIS
OFFICIAL CAPACITY AS ACTING DIRECTOR OF THE BUREAU OF
ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; BUREAU OF
ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,
*Defendants-Appellants*

———————————————

On Appeal from the United States District Court for the
Northern District of Texas; No. 4:23-cv-830

———————————————

**MOVANT STATES' MOTION FOR RECONSIDERATION OF MOVANT
STATES' MOTION TO INTERVENE AS DEFENDANTS-APPELLANTS
AND MOTION FOR LEAVE TO APPEAR AS *AMICI CURIAE***

———————————

MATTHEW J. PLATKIN
*Attorney General of New Jersey*
JEREMY M. FEIGENBAUM
*Solicitor General*
SHANKAR DURAISWAMY
*Deputy Solicitor General*
MARIE V. CEPEDA MEKOSH
MAX G. LESSER
*Deputy Attorneys General*
New Jersey Attorney General's Office
33 Washington Street, 9th Floor
Newark, New Jersey 07102
*Attorneys for Movant States*

## **CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Movant States

Matthew J. Platkin, Attorney General of New Jersey

Philip J. Weiser, Attorney General of Colorado

William Tong, Attorney General of Connecticut

Kathleen Jennings, Attorney General of Delaware

Anne E. Lopez, Attorney General of Hawai'i

Kwame Raoul, Attorney General of Illinois

Anthony G. Brown, Attorney General of Maryland

Andrea Joy Campbell, Attorney General of Massachusetts

Dana Nessel, Attorney General of Michigan

Keith Ellison, Attorney General of Minnesota

Aaron D. Ford, Attorney General of Nevada

Jeff Jackson, Attorney General of North Carolina

Dan A. Rayfield, Attorney General of Oregon

Peter F. Neronha, Attorney General of Rhode Island

Charity R. Clark, Attorney General of Vermont

Nicholas W. Brown, Attorney General of Washington

Counsel for Movant States

Jeremy M. Feigenbaum

Shankar Duraiswamy

Marie V. Cepeda Mekosh

Max G. Lesser

Counsel for Colorado

Shannon Stevenson

Counsel for Connecticut

James M. Belforti

Counsel for Delaware

Ian R. Liston

Vanessa L. Kassab

Counsel for Hawai'i

Ewan C. Rayner

Counsel for Illinois

Alex Hemmer

Counsel for Maryland

Jessica M. Finberg

Counsel for Massachusetts

Anna Lumelsky

Counsel for Attorney General Dana Nessel on behalf of the People of Michigan

Adam R. de Bear

Counsel for Minnesota

Liz Kramer

Counsel for Nevada

Heidi Parry Stern

Counsel for North Carolina

Daniel P. Mosteller

Counsel for Oregon

Brian Simmonds Marshall

Counsel for Rhode Island

Sarah W. Rice

Counsel for Vermont

Jonathan T. Rose

Rosemary M. Kennedy

Counsel for Washington

William McGinty

<u>Defendants-Appellants</u>

James R. McHenry III, Acting U.S. Attorney General

United States Department of Justice

Marvin G. Richardson, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives

Bureau of Alcohol, Tobacco, Firearms, and Explosives

<u>Counsel for Defendants-Appellants</u>

Brian B. Boynton

Leigha Simonton

Mark B. Stern

Bradley Hinshelwood

Laura Bakst

<u>Plaintiffs-Appellees</u>

National Association for Gun Rights, Inc.

Texas Gun Rights, Inc.

Patrick Carey

James Wheeler

Travis Speegle

<u>Counsel for Plaintiffs-Appellees</u>

Michael A. Columbo

Whitney A. Davis

Glenn D. Bellamy

*Amici Curiae*

Brady Center to Prevent Gun Violence

Giffords Law Center to Prevent Gun Violence

Everytown for Gun Safety Support Fund

March For Our Lives

Alan Wilson, Attorney General of South Carolina

Andrew Bailey, Attorney General of Missouri

Ashley Moody, Attorney General of Florida

Austin Knudsen, Attorney General of Montana

Ben Toma, Speaker of the Arizona House of Representatives

Brenna Bird, Attorney General of Iowa

Bridget Hill, Attorney General of Wyoming

Christopher M. Carr, Attorney General of Georgia

Dave Yost, Attorney General of Ohio

Drew H. Wrigley, Attorney General of North Dakota

Gentner F. Drummond, Attorney General of Oklahoma

Jason Miyares, Attorney General of Virginia

John M. Formella, Attorney General of New Hampshire

Jonathan Skrmetti, Attorney General and Reporter of Tennessee

Ken Paxton, Attorney General of Texas

Kris Kobach, Attorney General of Kansas

Liz Murrill, Attorney General of Louisiana

Lynn Fitch, Attorney General of Mississippi

Marty J. Jackley, Attorney General of South Dakota

Michael T. Hilgers, Attorney General of Nebraska

Patrick Morrisey, Attorney General of West Virginia

Raúl R. Labrador, Attorney General of Idaho

Russell Coleman, Attorney General of Kentucky

Sean D. Reyes, Attorney General of Utah

Steve Marshall, Attorney General of Alabama

Tim Griffin, Attorney General of Arkansas

Theodore E. Rokita, Attorney General of Indiana

Treg Taylor, Attorney General of Alaska

Warren Peterson, President of the Arizona Senate

Jeffrey Rounds

Evan Jones

Counsel for *Amici Curiae*

Ian Simmons

David K. Roberts

Danielle N. Siegel

Douglas N. Letter

Shira Lauren Feldman

Esther Sanchez-Gomez

David Pucino

Eric Tirschwell

Aaron Esty

Everytown Law

Ciara Wren Malone

Christian B. Corrigan

Peter M. Torstensen, Jr.

Michael R. Williams

Flores Law PLLC

Chad Flores

/s/ Jeremy M. Feigenbaum
Jeremy M. Feigenbaum
*Counsel for Movant States*

## <u>TABLE OF CONTENTS</u>

**Pages**

ARGUMENT ..................................................................................................1

    I.     THIS COURT SHOULD ALLOW THE STATES TO INTERVENE. ...........................................................................1

    II.    IF THIS COURT CONTINUES TO DENY INTERVENTION, THIS COURT SHOULD GRANT LEAVE FOR MOVANT STATES TO FILE THEIR AMICUS BRIEF. ..........................6

CERTIFICATE OF COMPLIANCE......................................................................15

CERTIFICATE OF SERVICE .............................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arizona v. City & Cnty. of San Francisco,*
  596 U.S. 763 (2022) ...................................................................5

*California v. ATF,*
  718 F. Supp. 3d 1060 (N.D. Cal. 2024)...................................................2

*California v. Azar,*
  911 F.3d 558 (9th Cir. 2018) ...........................................................2

*Cameron v. EMW Women's Surgical Ctr.,*
  595 U.S. 267 (2022) ...................................................................7

*Castillo v. Cameron Cnty.,*
  238 F.3d 339 (5th Cir. 2001) ...........................................................2

*DeOtte v. State,*
  20 F.4th 1055 (5th Cir. 2021)..........................................................2, 7

*Entergy Gulf States La., LLC v. EPA,*
  817 F.3d 198 (5th Cir. 2016)...........................................................4, 5

*Env't Integrity Project v. Wheeler,*
  No. 20-1734, 2021 WL 6844257 (D.D.C. Jan. 27, 2021) ....................................5

*Garland v. Cargill,*
  602 U.S. 406 (2024) ...................................................................6

*Gen. Land Off. v. Biden,*
  71 F.4th 264 (5th Cir. 2023)...........................................................2

*Hernandez v. Team Fin.,*
  *LLC,* 80 F.4th 571 (5th Cir. 2023)......................................................7

*Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*,
   197 F.3d 560 (1st Cir. 1999) .............................................................3, 4

*Massachusetts v. HHS*,
   923 F.3d 209 (1st Cir. 2019) .................................................................2

*State v. Biden*,
   10 F.4th 538 (5th Cir. 2021) ..................................................................2

*Texas v. United States*,
   328 F. Supp. 3d 662 (S.D. Tex. 2018)....................................................2

*Texas v. United States*,
   787 F.3d 733 (5th Cir. 2015) .................................................................2

**Rules**

Fed. R. App. P. 29 ......................................................................................6

Fed. R. Civ. P. 24 ...................................................................................3, 4

**Other Authorities**

Caroline Linton, *Trump & Harris' Policy Plans & Views on Gun Control for the
   2024 Election*, CBS NEWS (Nov. 4, 2024), https://tinyurl.com/bdf5kpku.............6

Consistent with this Court's denial of their prior motion to intervene, Movant States file this consolidated motion for leave to appear as amicus curiae and motion for reconsideration.[1] Movant States file this motion for leave to participate as amicus, as this Court indicated they could seek to do, to describe the impacts that a decision affirming the district court's order would have on them and on public safety within their States—and do so now, after oral argument, in light of the risk that the Federal Government will no longer represent these interests. But Movant States also file this motion for reconsideration to explain why amicus participation fails to protect their direct state interests—including, as necessary for subsequent stages of this litigation, to request or oppose rehearing, certiorari, or emergency relief. Movant States thus ask this Court to reconsider its denial of their motion to intervene. If the Court denies intervention, Movant States request leave to file the attached amicus brief.

## **ARGUMENT**

## I.     **THIS COURT SHOULD ALLOW THE STATES TO INTERVENE.**

This Court's order denying Movant States' intervention motion explains that "Movants may seek participation as amici." Ord., ECF No. 89. While Movant States

---

[1] The States seeking to intervene are: New Jersey, Colorado, Connecticut, Delaware, Hawai'i, Illinois, Maryland, Massachusetts, Attorney General Dana Nessel on Behalf of the People of Michigan, Minnesota, Nevada, North Carolina, Oregon, Rhode Island, Vermont, and Washington. Movant States notified existing parties of their intent to file this motion; Appellants and Appellees oppose.

1

appreciate that clarification, Movant States ask this Court to reconsider its denial of their motion to intervene. The reason is simple: participation as amici fails to provide the States with the tools necessary to protect their interests.

In their opening motion, Movant States laid out the basis of their intervention motion: the resolution of this litigation threatens significant proprietary and quasi-sovereign state interests, and no existing party is adequate to defend them. As to the former, a ruling upholding the nationwide vacatur of ATF's classification of Forced Reset Triggers as machineguns would directly impose substantial law enforcement costs, healthcare costs, and legislative costs on Movant States. *See* Intervention Mot. at 8-13, ECF No. 83. So too would such a ruling injure Movant States' profound quasi-sovereign interests in the safety of their residents. *See id.* at 13-14. Those are the precise kinds of harms this Court and other courts have found to support standing or interests as intervenors. *See Gen. Land Off. v. Biden*, 71 F.4th 264, 271-75 (5th Cir. 2023); *State v. Biden*, 10 F.4th 538, 545-48 (5th Cir. 2021); *DeOtte v. State*, 20 F.4th 1055, 1066-71 (5th Cir. 2021); *Texas v. United States*, 787 F.3d 733, 746-54 (5th Cir. 2015); *Castillo v. Cameron Cnty.*, 238 F.3d 339, 350-51 (5th Cir. 2001); *Massachusetts v. HHS*, 923 F.3d 209, 222-26 (1st Cir. 2019); *California v. Azar*, 911 F.3d 558, 570-71 (9th Cir. 2018); *California v. ATF*, 718 F. Supp. 3d 1060, 1073-77 (N.D. Cal. 2024); *Texas v. United States*, 328 F. Supp. 3d 662, 700-05 (S.D. Tex. 2018).

This Court's order denying intervention specifically notes Movant States can participate as amici. But an amicus brief does not enable Movant States to "protect [their] interest[s]," Fed. R. Civ. P. 24(a)(2), and is thus no substitute for the intervention of right to which Movant States are entitled. To be sure, there may be instances in which participation as amici can be adequate to the task—such as when putative intervenors' and existing parties' interests are the same, and the intervenor merely wishes to make further arguments beyond the existing parties' briefing. *See, e.g.*, *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) (upholding the denial of intervention where the government was "zealously interested in upholding the validity of the" challenged policy, and amicus participation was sufficient to allow movant to present "additional arguments … that will help the court toward right answers"). But Movant States here are not intervening based on the need to present any arguments to this panel to supplement the defense of the ATF classification. *See* Intervention Mot. 19 ("Movant States do not seek briefing or argument at this stage, before a decision of this panel, because the merits arguments have been adequately represented up until this point.").

Instead, Movant States seek to intervene to "retain the ability to participate in any further review of this Court's decision," *id.*—which amici plainly cannot do and without which the outcome of the case "may as a practical matter impair or impede [their] ability to protect [their] interest[s]," Fed. R. Civ. P. 24(a)(2). In the face of a

partially or fully adverse decision, only parties can move for rehearing, certiorari, or emergency relief, because only parties are part of the Article III case or controversy. Said another way, while amici could file briefs *if* an existing party seeks subsequent relief from a panel decision, amici would have to rely on the existing parties to seek such relief. But forcing Movant States to rely on the uncertain—and in this case, unfortunately unlikely—possibility that the existing parties will do so would defeat the entire purpose of Rule 24 intervention of right, which entitles a party to intervene where "representation of [its] interest '*may be*' inadequate." *See Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (emphasis added); *see also, e.g.*, *Mass. Food Ass'n*, 197 F.3d at 568 (noting that when a party substantiates the risk that a government "might refuse to appeal if it lost," that is cause to intervene instead of merely participating as amici given amici's inability to appeal).

Although in some cases it might be appropriate to wait until the existing party refuses to seek or oppose rehearing, certiorari, or emergency relief, *see id.* (allowing a party to participate as amicus, but noting that another intervention motion would be appropriate if the existing party declined to appeal), that is inappropriate in this case. As this Court is aware, the district court ordered ATF to return many of the 11,884 FRTs the agency previously confiscated by February 22, 2025—and once it does so, the bell cannot be unrung. *See* ROA.4056-57 (order); ROA.2011-12 (ATF projecting court order will worsen proliferation of FRTs). That deadline is less than

one month away, and if any portion of that order is upheld, the time between this Court's ruling and that deadline will be exceptionally short. It is not clear the Federal Government would formally announce a decision not to seek certiorari (for which it would have 90 days) or emergency relief, leaving perhaps days for Movant States to again seek to intervene, wait for a decision on the intervention motion, and then seek necessary relief to protect their myriad direct state interests. *Cf. Arizona v. City & Cnty. of San Francisco*, 596 U.S. 763, 765 (2022) (Roberts, C.J., concurring in the dismissal of a writ of certiorari) (emphasizing the risk that the Federal Government will take advantage of a court order that has a universal impact to accomplish a new Administration's policy goals by declining to further appeal).

Given the evidence that already exists indicating that the Federal Government no longer shares the States' interests, *see* Intervention Mot. 15-17; the recognition by other courts that intervention is especially warranted "given [a] recent change in administration," *Env't Integrity Project v. Wheeler*, No. 20-1734, 2021 WL 6844257, at *3 (D.D.C. Jan. 27, 2021); and the "minimal" burden that Movant States bear on this score, *Entergy*, 817 F.3d at 203, this Court should not limit Movant States' role to that of amici. Instead, Movant States have repeatedly been permitted to protect their interests as parties before this Court to defend federal policies, and they should be permitted to do so here too.

## II.    IF THIS COURT CONTINUES TO DENY INTERVENTION, THIS COURT SHOULD GRANT LEAVE FOR MOVANT STATES TO FILE THEIR AMICUS BRIEF.

Although the October 8, 2024, deadline for filing an amicus brief in support of Appellants has since passed, this Court should nevertheless accept the filing of an amicus brief here—consistent with its order that Movant States may now seek such participation. *See* Fed. R. App. P. 29(a)(6) (acknowledging courts "may grant leave" for the filing of an amicus brief after the traditional deadline). Movant States did not previously file a brief because the Federal Government was representing its interests. In its submission to this Court, the United States: (1) correctly explained that ATF's classification of the Forced Reset Trigger as an unlawful machinegun is consistent with the text of federal law and *Garland v. Cargill*, 602 U.S. 406 (2024), *see* U.S. Appellant Br. 14-26; Reply Br. 3-11, and (2) identified many of the extraordinary harms that follow from the district court order, *see* U.S. Appellant Br. 26-39; Reply Br. 10-22. Movant States wholeheartedly agree with those points.

There are now, however, significant reasons to doubt the Federal Government will continue to robustly advance these important legal points. *See* Caroline Linton, Trump & Harris' Policy Plans & Views on Gun Control for the 2024 Election, CBS News (Nov. 4, 2024), https://tinyurl.com/bdf5kpku (citing the President's promises as a candidate to "terminate every single one of the Harris-Biden's attacks on law-abiding gun owners his first week in office and stand up for our constitutionally

enshrined right to bear arms" and telling advocates that "no one will lay a finger on your firearms"). And just as courts evaluate the timeliness of intervention motions "in relation to" the point when a "need to seek intervention" arose, *Cameron v. EMW Women's Surgical Ctr.*, 595 U.S. 267, 280 (2022); *accord Hernandez v. Team Fin., LLC*, 80 F.4th 571, 578 (5th Cir. 2023), so too it should allow for the filing of this amicus brief because the need for the States to raise arguments regarding the merits was only now "heightened," *DeOtte*, 20 F.4th at 1070.

## <u>CONCLUSION</u>

This Court should grant Movant States' motion for reconsideration. But if this Court again denies intervention, this Court should then accept Movant States' filing of their amicus brief.

Dated: January 24, 2025                    Respectfully submitted,

**MATTHEW J. PLATKIN**
*Attorney General of New Jersey*

*/s/ Jeremy M. Feigenbaum*

JEREMY M. FEIGENBAUM
Solicitor General
SHANKAR DURAISWAMY
Deputy Solicitor General
MARIE V. CEPEDA MEKOSH
MAX G. LESSER
Deputy Attorneys General
New Jersey Attorney General's Office
25 Market Street
Trenton, NJ 08625
(609) 376-2690
jeremy.feigenbaum@njoag.gov

*Attorneys for the State of New Jersey*

**PHILIP J. WEISER**
*Attorney General of Colorado*

By: */s/ Shannon Stevenson*
SHANNON STEVENSON
Solicitor General
Office of the Colorado State Attorney General
1300 Broadway, Denver, CO 80203
(720) 508-6000
Shannon.Stevenson@coag.gov

*Attorneys for the State of Colorado*

**WILLIAM TONG**
*Attorney General of Connecticut*

By: */s/ James M. Belforti*

JAMES M. BELFORTI
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06105
(860) 808-5450
james.belforti@ct.gov

*Attorneys for the State of Connecticut*


**KATHLEEN JENNINGS**
*Attorney General of Delaware*

By: /s/ *Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
VANESSA L. KASSAB
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for the State of Delaware*


**ANNE E. LOPEZ**
*Attorney General of Hawai'i*

By: /s/ *Ewan C. Rayner*
EWAN C. RAYNER
Deputy Solicitor General
Department of the Attorney General, State of
Hawai'i
425 Queen Street
Honolulu, HI 96813
(808) 586-1360

Ewan.Rayner@hawaii.gov

*Attorneys for the State of Hawai'i*

**KWAME RAOUL**
*Attorney General of Illinois*

By: */s/ Alex Hemmer*
ALEX HEMMER
Deputy Solicitor General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-5526
Alex.Hemmer@ilag.gov

*Attorneys for the State of Illinois*

**ANTHONY G. BROWN**
*Attorney General of Maryland*

By: */s/ Jessica M. Finberg*
JESSICA M. FINBERG
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6921
jfinberg@oag.state.md.us

*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
*Attorney General, Commonwealth of Massachusetts*

By: */s/ Anna Lumelsky*

10

ANNA LUMELSKY
Deputy State Solicitor
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2334
anna.lumelsky@mass.gov

*Attorneys for the Commonwealth of
Massachusetts*


**DANA NESSEL**
*Attorney General of Michigan*

By: */s/ Adam R. de Bear*
ADAM R. DE BEAR
Assistant Attorney General
Michigan Department of Attorney General
525 W. Ottawa St.
Lansing, MI 48933
(517) 335-7573
debeara@michigan.gov

*Attorneys for Attorney General Dana Nessel
on behalf of the People of Michigan*


**KEITH ELLISON**
*Attorney General of Minnesota*

By: */s/ Liz Kramer*
LIZ KRAMER
Solicitor General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2131
(651) 757-1010
liz.kramer@ag.state.mn.us

*Attorneys for the State of Minnesota*

**AARON D. FORD**
*Attorney General of Nevada*

 /s/ Heidi Parry Stern
HEIDI PARRY STERN
(NV Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Attorneys for the State of Nevada*

**JEFF JACKSON**
*Attorney General of North Carolina*

By: */s/ Daniel P. Mosteller*
DANIEL P. MOSTELLER
Associate Deputy Attorney General
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6026
dmosteller@ncdoj.gov

*Attorneys for the State of North Carolina*

**DAN RAYFIELD**
*Attorney General, State of Oregon*

By: */s/ Brian Simmonds Marshall*
BRIAN SIMMONDS MARSHALL
Oregon Bar No. #196129
Senior Assistant Attorney General

Trial Attorney
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Brian.S.Marshall@doj.oregon.gov

*Attorneys for the State of Oregon*


**PETER F. NERONHA**
*Attorney General of Rhode Island*

By: */s/ Sarah W. Rice*
SARAH W. RICE
Deputy Chief, Civil Division
Office of the Rhode Island Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 x2054
srice@riag.ri.gov

*Attorneys for the State of Rhode Island*


**CHARITY R. CLARK**
*Attorney General of Vermont*

By: */s/ Jonathan T. Rose*
JONATHAN T. ROSE
Solicitor General
ROSEMARY M. KENNEDY
Assistant Attorney General
109 State Street
Montpelier, VT 06509
(802) 828-3171
jonathan.rose@vermont.gov
rosemary.kennedy@vermont.gov

*Attorneys for the State of Vermont*


**NICHOLAS W. BROWN**
*Attorney General of Washington*

By: */s/ William McGinty*
WILLIAM MCGINTY
Assistant Attorney General
Washington State Office of the Attorney General
P.O. Box 4011
Olympia, WA 98504-0111
(360) 709-6027
William.McGinty@atg.wa.gov

*Attorneys for the State of Washington*

## <u>CERTIFICATE OF COMPLIANCE</u>

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 5, this document contains 1,674 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

*/s/ Jeremy M. Feigenbaum*

Jeremy M. Feigenbaum
*Counsel for Movant States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2025, I filed the foregoing Movant States' Motion to Intervene as Defendant-Appellants with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jeremy M. Feigenbaum*
Jeremy M. Feigenbaum
*Counsel for Movant States*