No. 24-10707

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――――

NATIONAL ASSOCIATION FOR GUN RIGHTS, INC.; TEXAS GUN RIGHTS, INC.; PATRICK CAREY; JAMES WHEELER; & TRAVIS SPEEGLE,
*Plaintiffs-Appellees,*

*v.*

JAMES R. MCHENRY III, ACTING U.S. ATTORNEY GENERAL; UNITED STATES DEPARTMENT OF JUSTICE; MARVIN G. RICHARDSON, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,
*Defendants-Appellants,*

―――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
CASE NO. 4:23-CV-00830

―――――――

## APPELLEES' RESPONSE TO *AMICI* STATES' *AMICI CURIAE* BRIEF

―――――――

WHITNEY DAVIS
Eggleston King Davis, L.L.P.
102 Houston Avenue
Suite 300
Weatherford, TX 76086

GLENN D. BELLAMY
Wood Herron & Evans, L.L.P.
600 Vine Street
Suite 2800
Cincinnati, OH 45202

MICHAEL A. COLUMBO
Dhillon Law Group, Inc.
177 Post Street, Suite 700
San Francisco, California 94108

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

   I.  *Amici* States' *amici curiae* brief should be disregarded because it relies on factual findings that the lower court never made while ignoring those that it did. ................................................................................................................ 1

   II.  *Amici* States mistake this Court for a legislative body. ................................. 3

CONCLUSION .......................................................................................................... 5

CERTIFICATE OF SERVICE .................................................................................. 6

CERTIFICATE OF COMPLIANCE ........................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Garland v. Cargill*,

   602 U.S. 406 (2024)................................................................................1, 4

*Lefebure v. D'Aquilla*,

   15 F.4th 670 (5th Cir. 2021) ...................................................................3

*Smith v. United States*,

   343 F.2d 539 (5th Cir. 1965) ..................................................................1

## INTRODUCTION

Appellees are compelled to respond to *Amici* States' *amici curiae* brief because it impermissibly relies on factual findings that the lower court never made, ignores those that it did, and mistakes this Court for a legislative body. The immaterial and improper contentions and omissions in *Amici* States' brief are therefore unhelpful and, accordingly, the brief should be disregarded.

## ARGUMENT

### I. *Amici* States' *amici curiae* brief should be disregarded because it relies on factual findings that the lower court never made while ignoring those that it did.

This Circuit rejects "new evidence" provided by *amici* for the first time on appeal. *Smith v. United States*, 343 F.2d 539, 541 (5th Cir. 1965). Yet *Amici* States' *amici curiae* brief does just that by relying on findings of fact that the trial court never made. Instead, *Amici* States rely on irrelevant findings made in a preliminary injunction ruling out of the Eastern District of New York that occurred *before* the Supreme Court's decision in *Garland v. Cargill*, 602 U.S. 406, 428 (2024). *Amici* States *Amici Curiae* Br. (Jan. 24, 2025) (ECF No. 110) at 2, 3, 4, 5, 6, 7.

What is worse, in arguing that FRTs are machineguns, the *Amici* States fail even to acknowledge—much less come to grips with—the factual findings of the trial court in this case that contradict their argument. The district court found the following *undisputed* "key facts" about a weapon equipped with an FRT:

1

- "[T]he trigger moves forward into its reset state and is depressed to release the hammer from its sear surface for every round fired," ROA.3698;

- "[T]he trigger in an FRT-equipped firearm must reset after every round fired," ROA.3698–99; and

- "[A] shooter who attempts to prevent the reset by holding the trigger in a fully depressed position will cause the weapon to malfunction," ROA.3699.

These are the critical, if not dispositive, facts on which the legal analysis must be based. And yet the *Amici* States address none of these findings; they ignore them, instead impermissibly premising their arguments on the preliminary finding of the New York court.

Nor is that the only way in which the *Amici* States ignore the record in this case. They also attempt to lump FRTs in with machinegun conversion devices ("MCDs") because they cannot show a single instance of violence committed with an FRT, as opposed to an MCD, and therefore have no actual FRT-specific basis for the parade of horribles that they trot out in support of their policy arguments. *Amici* States *Amici Curiae* Br. at 1. In fact, the Government admitted below that FRTs are not MCDs. *See* Defs.' Opp. Br. at 21-22, *NAGR v. McHenry*, 4:23-cv-00830, ECF No. 118 (representing that a DOJ press conference concerned MCDs, "not FRTs," and that the statements made by the government at that event regarded the "efforts to combat illegal MCDs" and "thus in no way implicate[d]" the district court's

2

"ruling regarding FRTs"). *Amici* States are thus left with zero instances of violence committed with FRTs despite more than 100,000 having been sold.

Moreover, whether an FRT is a machinegun conversion device depends entirely on whether an FRT meets the statutory definition of a machinegun—which is, of course, precisely the issue on this appeal. The *Amici* States' question-begging policy arguments thus run headlong into the district court's contrary factual findings which they have not bothered to address.

*Amici* States' *amicus curiae* brief should be disregarded. It ignores the district court's factual findings, and conflates FRTs with MCDs, a position that even the Government disavowed below. These types of mischaracterizations render *Amici* States' brief unhelpful and this Court need not consider it. *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (stating that the court can "simply disregard" unhelpful *amicus* briefs) (citation and internal quotation marks omitted).

## II. *Amici* States mistake this Court for a legislative body.

*Amici* States spend 10 pages explaining their view that Congress's decision to exclude FRTs from the statutory definition of machineguns is bad policy because FRTs increase a firearm's rate of fire. *Amici* States *Amici Curiae* Br. at 7-16. Yet the *Cargill* majority, and Justice Alito's concurrence, already rejected such policy arguments, making clear that they are irrelevant in the face of the clear statutory language. First, the majority:

3

> In any event, Congress could have linked the definition of "machinegun" to a weapon's rate of fire, as the dissent would prefer. But, it instead enacted a statute that turns on whether a weapon can fire more than one shot "automatically . . . by a single function of the trigger." § 5845(b). And, "it is never our job to rewrite . . . statutory text under the banner of speculation about what Congress might have done." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 89, 137 S.Ct. 1718, 198 L.Ed.2d 177 (2017).

*Cargill*, 602 U.S. at 428. And Justice Alito further emphasized this point:

> I join the opinion of the Court because there is simply no other way to read the statutory language. There can be little doubt that the Congress that enacted 26 U.S.C. § 5845(b) would not have seen any material difference between a machinegun and a semiautomatic rifle equipped with a bump stock. But the statutory text is clear, and we must follow it.
>
> The horrible shooting spree in Las Vegas in 2017 did not change the statutory text or its meaning. That event demonstrated that a semiautomatic rifle with a bump stock can have the same lethal effect as a machinegun, and it thus strengthened the case for amending § 5845(b). But an event that highlights the need to amend a law does not itself change the law's meaning.

*Id.* at 429 (Alito, J., concurring).

The Supreme Court could not have been clearer: *Amici* States' fixation on rate of fire as a policy matter and their policy arguments are wholly irrelevant to the statutory analysis and should be disregarded by this Court.

4

# CONCLUSION

For the foregoing reasons, *Amici* States' *amici curiae* brief is unhelpful and should be disregarded. The judgment of the district court should be affirmed.

      */s/ Michael A. Columbo*
MICHAEL A. COLUMBO
Dhillon Law Group, Inc.
177 Post Street, Suite 700
San Francisco, California 94108

WHITNEY DAVIS
Eggleston King Davis, L.L.P.
102 Houston Avenue
Suite 300
Weatherford, TX 76086

GLENN D. BELLAMY
Wood Herron & Evans, L.L.P.
600 Vine Street
Suite 2800
Cincinnati, OH 45202

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Michael A. Columbo*
MICHAEL A. COLUMBO

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 1012 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows in Times New Roman font 14-point type face.

*/s/ Michael A. Columbo*
MICHAEL A. COLUMBO

4935-4576-8212, v. 8